UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

3:13-CV-01203-TBR

**LEONARD ANTHONY CARRILLO, et al.**                               **PLAINTIFFS**

**V.**

**CSX TRANSPORTATION, INC., et al.**                                  **DEFENDANTS**

## DEFENDANT CENTER FOR TOXICOLOGY AND ENVIRONMENTAL HEALTH, LLC'S ANSWER TO PLAINTIFF LEONARD ANTHONY CARRILLO'S COMPLAINT

Defendant Center for Toxicology and Environmental Health, LLC ("CTEH"), by counsel, states for its answer to Plaintiff Leonard Anthony Carrillo's ("Plaintiff") Complaint as follows:

1. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of Count I of the Complaint and, therefore, denies them.

2. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of Count I of the Complaint and, therefore, denies them.

3. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 of Count I of the Complaint and, therefore, denies them.

4. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 of Count I of the Complaint and, therefore, denies them.

5. CTEH denies the allegations in the first sentence of paragraph 5 of Count I of the Complaint to the extent those allegations are directed at CTEH and states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as they relate to other parties and, therefore, denies them. CTEH admits the allegations in the second and third sentences of paragraph 5 of Count I of the Complaint.

6. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 of Count I of the Complaint and, therefore, denies them.

7. CTEH denies the allegations in paragraph 7 of Count I of the Complaint, except admits that Paducah & Louisville Railway, Inc. ("P&L") contracted with CTEH to provide certain air monitoring services at the derailment site.

8. CTEH denies the allegations in paragraph 8 of Count I of the Complaint, except admits that it has provided services unrelated to this litigation in Illinois on a temporary and sporadic basis prior to October 29, 2012.

9. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of Count I of the Complaint and, therefore, denies them.

10. With respect to the allegations in paragraph 10 of Count I of the Complaint, CTEH states that the allegations are legal conclusions to which no response is necessary. To the extent that any response is necessary, CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies them.

11. With respect to the allegations in paragraph 11 of Count I of the Complaint, CTEH states that the allegations are legal conclusions to which no response is necessary. To the extent that any response is necessary, CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies them.

12. CTEH denies the allegations in paragraph 12 of Count I of the Complaint.

13. CTEH denies the allegations in paragraph 13 of Count I of the Complaint to the extent those allegations are directed at CTEH and states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as they relate to other parties and, therefore, denies them.

14. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 of Count I of the Complaint and, therefore, denies them.

15. With respect to the allegations in paragraph 15 of Count I of the Complaint and subparagraphs a, b, c, d, e, f, g, h, i, j, k, l, m, n, and p, CTEH states that the allegations are legal conclusions to which no response is necessary. To the extent that any response is necessary, CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies them. With respect to the allegations in paragraph 15, subparagraph o of Count I of the Complaint, CTEH states that the allegations are legal conclusions to which no response is necessary. To the extent that any response is necessary, CTEH denies the allegations.

16. With respect to the allegations in paragraph 16 of Count I of the Complaint, CTEH states that the allegations are legal conclusions to which no response is necessary. To the extent that any response is necessary, CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies them.

17. CTEH denies the allegations in paragraph 1 of Count II of the Complaint, except admits that it has provided services unrelated to this litigation in Illinois on a temporary and sporadic basis prior to October 31, 2012.

18. CTEH denies the allegations in paragraph 2 of Count II of the Complaint, except admits that it has provided services unrelated to this litigation in Illinois on a temporary and sporadic basis prior to October 31, 2012.

19. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 of Count II of the Complaint and, therefore, denies them.

20. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 of Count II of the Complaint and, therefore, denies them.

21. CTEH denies the allegations in the first sentence of paragraph 5 of Count II of the Complaint to the extent those allegations are directed at CTEH and states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as they relate to other parties and, therefore, denies them. CTEH admits the allegations in the second and third sentences of paragraph 5 of Count II of the Complaint.

22. CTEH denies the allegations in paragraph 6 of Count II of the Complaint.

23. CTEH denies the allegations in paragraph 7 of Count II of the Complaint, except admits that P&L contracted with CTEH to provide certain air monitoring services at the derailment site.

24. CTEH denies the allegations in paragraph 8 of Count II of the Complaint, except admits that it has provided services unrelated to this litigation in Illinois on a temporary and sporadic basis prior to October 29, 2012.

25. CTEH denies the allegations in paragraph 9 of Count II of the Complaint to the extent those allegations are directed at CTEH and states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as they relate to other parties and, therefore, denies them.

26. With respect to the allegations in paragraph 10 of Count II of the Complaint, CTEH states that the allegations are legal conclusions to which no response is necessary. To the extent that any response is necessary, CTEH denies the allegations.

27. With respect to the allegations in paragraph 11 of Count II of the Complaint, CTEH states that the allegations are legal conclusions to which no response is necessary. To the extent that any response is necessary, CTEH denies the allegations.

28. CTEH denies the allegations in paragraph 12 of Count II of the Complaint.

29. CTEH denies the allegations in paragraph 13 of Count II of the Complaint to the extent those allegations are directed at CTEH and states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as they relate to other parties and, therefore, denies them.

30. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 of Count II of the Complaint and, therefore, denies them.

31. With respect to the allegations in paragraph 15 of Count II of the Complaint and all of its subparagraphs, CTEH states that the allegations are legal conclusions to which no response is necessary. To the extent that any response is necessary, CTEH denies the allegations.

32. With respect to the allegations in paragraph 16 of Count II of the Complaint, CTEH states that the allegations are legal conclusions to which no response is necessary. To the extent that any response is necessary, CTEH denies the allegations.

33. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of Count III of the Complaint and, therefore, denies them.

34. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of Count III of the Complaint and, therefore, denies them.

35. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 of Count III of the Complaint and, therefore, denies them.

36. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 of Count III of the Complaint and, therefore, denies them.

37. CTEH denies the allegations in the first sentence of paragraph 5 of Count III of the Complaint to the extent those allegations are directed at CTEH and states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as they relate to other parties and, therefore, denies them. CTEH admits the allegations in the second and third sentences of paragraph 5 of Count III of the Complaint.

38. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 of Count III of the Complaint and, therefore, denies them.

39. CTEH denies the allegations in paragraph 7 of Count III of the Complaint, except admits that P&L contracted with CTEH to provide certain air monitoring services at the derailment site.

40. CTEH denies the allegations in paragraph 8 of Count III of the Complaint, except admits that it has provided services unrelated to this litigation in Illinois on a temporary and sporadic basis prior to October 29, 2012.

41. CTEH denies the allegations in paragraph 9 of Count III of the Complaint to the extent those allegations are directed at CTEH and states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as they relate to other parties and, therefore, denies them.

42. With respect to the allegations in paragraph 10 of Count III of the Complaint, CTEH states that the allegations are legal conclusions to which no response is necessary. To the extent that any response is necessary, CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies them.

43. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of Count III of the Complaint and, therefore, denies them.

44. CTEH denies the allegations in paragraph 12 of Count III of the Complaint to the extent those allegations are directed at CTEH and states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as they relate to other parties and, therefore, denies them.

45. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of Count III of the Complaint and, therefore, denies them.

46. With respect to the allegations in paragraph 14 of Count III of the Complaint and subparagraphs a, b, c, d, e, f, g, h, i, j, k, l, m, n, and p, CTEH states that the allegations are legal conclusions to which no response is necessary. To the extent that any response is necessary, CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies them. With respect to the allegations in paragraph 14, subparagraph o of Count III of the Complaint, CTEH states that the allegations are legal conclusions to which no response is necessary. To the extent that any response is necessary, CTEH denies the allegations.

47. With respect to the allegations in paragraph 15 of Count III of the Complaint, CTEH states that the allegations are legal conclusions to which no response is necessary. To the extent that any response is necessary, CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies them.

48. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of Count IV of the Complaint and, therefore, denies them.

49. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of Count IV of the Complaint and, therefore, denies them.

50. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 of Count IV of the Complaint and, therefore, denies them.

51. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 of Count IV of the Complaint and, therefore, denies them.

52. CTEH denies the allegations in the first sentence of paragraph 5 of Count IV of the Complaint to the extent those allegations are directed at CTEH and states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as they relate to other parties and, therefore, denies them. CTEH admits the allegations in the second and third sentences of paragraph 5 of Count IV of the Complaint.

53. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 of Count IV of the Complaint and, therefore, denies them.

54. CTEH denies the allegations in paragraph 7 of Count IV of the Complaint, except admits that P&L contracted with CTEH to provide certain air monitoring services at the derailment site.

55. CTEH denies the allegations in paragraph 8 of Count IV of the Complaint, except admits that it has provided services unrelated to this litigation in Illinois on a temporary and sporadic basis prior to October 29, 2012.

56. CTEH denies the allegations in paragraph 9 of Count IV of the Complaint to the extent those allegations are directed at CTEH and states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as they relate to other parties and, therefore, denies them.

57. With respect to the allegations in paragraph 10 of Count IV of the Complaint, CTEH states that the allegations are legal conclusions to which no response is necessary. To the extent that any response is necessary, CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies them.

58. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of Count IV of the Complaint and, therefore, denies them.

59. CTEH denies the allegations in paragraph 12 of Count IV of the Complaint to the extent those allegations are directed at CTEH and states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as they relate to other parties and, therefore, denies them.

60. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of Count IV of the Complaint and, therefore, denies them.

61. With respect to the allegations in paragraph 14 of Count IV of the Complaint and subparagraphs a, b, c, d, e, f, g, h, i, j, k, l, m, n, and p, CTEH states that the allegations are legal conclusions to which no response is necessary. To the extent that any response is necessary, CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies them. With respect to the allegations in paragraph 14, subparagraph o of Count IV of the Complaint, CTEH states that the allegations are legal conclusions to which no response is necessary. To the extent that any response is necessary, CTEH denies the allegations.

62. With respect to the allegations in paragraph 15 of Count IV of the Complaint, CTEH states that the allegations are legal conclusions to which no response is necessary. To the extent that any response is necessary, CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies them.

63. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of Count V of the Complaint and, therefore, denies them.

64. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of Count V of the Complaint and, therefore, denies them.

65. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 of Count V of the Complaint and, therefore, denies them.

66. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 of Count V of the Complaint and, therefore, denies them.

67. CTEH denies the allegations in the first sentence of paragraph 5 of Count V of the Complaint to the extent those allegations are directed at CTEH and states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as they relate to other parties and, therefore, denies them. CTEH admits the allegations in the second and third sentences of paragraph 5 of Count V of the Complaint.

68. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 of Count V of the Complaint and, therefore, denies them.

69. CTEH denies the allegations in paragraph 7 of Count V of the Complaint, except admits that P&L contracted with CTEH to provide certain air monitoring services at the derailment site.

70. CTEH denies the allegations in paragraph 8 of Count IV of the Complaint, except admits that it has provided services unrelated to this litigation in Illinois on a temporary and sporadic basis prior to October 29, 2012.

71. CTEH denies the allegations in paragraph 9 of Count V of the Complaint to the extent those allegations are directed at CTEH and states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as they relate to other parties and, therefore, denies them.

72. With respect to the allegations in paragraph 10 of Count V of the Complaint, CTEH states that the allegations are legal conclusions to which no response is necessary. To the extent that any response is necessary, CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies them.

73. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of Count V of the Complaint and, therefore, denies them.

74. CTEH denies the allegations in paragraph 12 of Count V of the Complaint to the extent those allegations are directed at CTEH and states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as they relate to other parties and, therefore, denies them.

75. CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of Count V of the Complaint and, therefore, denies them.

76. With respect to the allegations in paragraph 14 of Count V of the Complaint and subparagraphs a, b, c, d, e, f, g, h, i, j, k, l, m, n, and p, CTEH states that the allegations are legal conclusions to which no response is necessary. To the extent that any response is necessary, CTEH is without sufficient knowledge or information to form a belief as to the truth of the

allegations and, therefore, denies them. With respect to the allegations in paragraph 14, subparagraph o of Count V of the Complaint, CTEH states that the allegations are legal conclusions to which no response is necessary. To the extent that any response is necessary, CTEH denies the allegations.

77. With respect to the allegations in paragraph 15 of Count V of the Complaint, CTEH states that the allegations are legal conclusions to which no response is necessary. To the extent that any response is necessary, CTEH is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies them.

78. CTEH denies any allegations not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against CTEH upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are not ripe.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to name necessary and indispensable parties.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, collateral estoppel, issue preclusion and res judicata.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims in the Complaint, in whole or in part, are barred by the failure of the Plaintiff to exercise ordinary care for his own safety.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims in the Complaint, in whole or in part, are barred by the doctrine of assumption of the risk.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and damages alleged in the Complaint, in whole or in part, are barred because Plaintiff was hired to perform the work allegedly leading to his injuries and was made aware of the risks of that work.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages alleged in the Complaint, in whole or in part, are barred by the Plaintiff's failure to mitigate any such alleged damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's damages alleged in the Complaint, in whole or in part, were caused by persons other than CTEH. Accordingly, CTEH is entitled to contribution, apportionment and indemnity.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims alleged in the Complaint, in whole or in part, are barred because CTEH owed no duty or duties to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

The damages and claims asserted by Plaintiff against CTEH were caused, in whole or in part, by the intervening and/or superseding acts, omissions and/or negligence of Plaintiff, other Defendants and/or other third parties over whom CTEH had no control.

## TWELFTH AFFIRMATIVE DEFENSE

The negligence of others, if any, was active and primary in causing injuries and damages, if any, about which Plaintiff complains, and that if CTEH is adjudged liable, others are primarily liable. Accordingly, CTEH is entitled to contribution, apportionment, and indemnity.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent that any actions of CTEH's agents or employees that purportedly injured Plaintiff were unforeseeable and/or outside the course and scope of that person's or entity's agency or employment.

**FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff received payments for any of the damages alleged in the Complaint from collateral sources, any damages awarded by this action should be reduced accordingly.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, in whole or in part, are barred to the extent Plaintiff's alleged damages are impermissibly remote or speculative.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are pre-empted by federal law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the exclusive remedy provision of the applicable workers' compensation statute.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by KRS § 411.460.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to comply with the provisions of KRS § 411.188, by virtue of which Plaintiff's Complaint should be dismissed.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint seeks recovery for claims identical to or substantially identical to those made in another complaint subsequently filed in this Court.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

CTEH denies any allegations not specifically admitted herein and reserves the right to assert additional defenses, including affirmative defenses and counterclaims, as the grounds for such might be discovered during the progression of this matter.

**WHEREFORE**, CTEH, by counsel, having answered the Complaint, respectfully demands that it be dismissed with prejudice and that Plaintiff recover nothing by way of his Complaint; that CTEH recover its costs herein expended, including attorneys' fees; and, that CTEH have all further relief to which it may be entitled.

Respectfully submitted,

*/s/ Samuel D. Hinkle IV*
Samuel D. Hinkle IV
Douglas C. Ballantine
Christopher E. Schaefer
STOLL KEENON OGDEN PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, KY  40202-2828
Telephone:  (502) 333-6000
Fax:  (502) 333-6099

*Counsel for Defendant Center for Toxicology and Environmental Health, LLC*

# CERTIFICATE OF SERVICE

  I hereby certify that on December 13, 2013, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system. Notice of this filing will be sent to all of the following parties and counsel by operation of the Court's electronic filing system:

Jonathan Freed, Esq.
Miller Grumley, Esq.
BRADLEY, FREED & GRUMLEY, PSC
1634 Broadway, P.O. Box 1655
Paducah, Kentucky 42002

*Counsel for Defendants Paducah & Louisville Railway, Inc., Four Rivers Transportation, Inc., and P&L Transportation, Inc.*

Brad L. Badgley, Esq.
BRAD L. BADGLEY, PC
26 Public Square
Belleville, Illinois 62220

*Counsel for Plaintiffs*

Tad Thomas, Esq.
THOMAS LAW OFFICES, PLLC
1800 Kentucky Home Life Building
239 South Fifth Street
Louisville, Kentucky 40202

*Counsel for Plaintiffs*

Robert A. Clifford, Esq.
Colin H. Dunn, Esq.
Kevin P. Durkin, Esq.
CLIFFORD LAW OFFICES
120 North LaSalle, 31st Floor
Chicago, Illinois 60602

*Counsel for Plaintiffs*

Michael K. Murphy, Esq.
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036

*Counsel for Defendant CSX Transportation, Inc.*

            */s/ Samuel D. Hinkle IV*
             *Counsel for Defendant CTEH*

116474.145729/1051132.1