UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:13-CV-01203

LEONARD ANTHONY CARRILLO and
GREGORY POWERS,                                                                                         Plaintiffs,

v.

CSX TRANSPORTATION, INC.;
THE CENTER FOR TOXICOLOGY AND
ENVIRONMENTAL HEALTH, LLC;
PADUCAH & LOUISVILLE RAILWAY,
INC.; P&L TRANSPORTATION, INC.;
FOUR RIVERS TRANSPORTAITON, INC.,                                                      Defendants.

## **MEMORANDUM OPINION**

This matter is before the Court upon the Motion to Transfer Case of Plaintiffs Leonard Anthony Carrillo and Gregory Powers, (Docket No. 61). Defendants have responded, (Docket No. 66). This mater is now fully briefed and ripe for adjudication. For the following reasons, the Court will DENY Plaintiffs' motion to transfer venue to the Southern District of Illinois.

**Factual Background**

This case arises from an explosion that occurred during a train derailment clean-up project in Jefferson County, Kentucky on October 29, 2012. On February 20, 2013, Plaintiffs filed lawsuits in Illinois state court against CSX Transportation, Inc.; the Center for Toxicology and Health, LLC; Paducah & Louisville Railway, Inc.; PL Transportation, Inc.; and Four Rivers Transportation, Inc. Defendants removed the cases to the Southern District of Illinois, then moved to dismiss for lack of personal jurisdiction and/or to transfer the cases to the Western District of Kentucky. (Docket No. 26.) During the motion's pendency, Plaintiffs filed a

1

"protective lawsuit" in Kentucky state court. Defendants removed that case to the Western District of Kentucky, where it is currently pending before Judge Simpson. *See Carrillo & Powers v. CSX Transportation, Inc.*, Civil Action No. 1:13-cv-1039.

On December 11, 2013, Judge Stiehl of the Southern District of Illinois granted Defendants' motion to transfer the cases to this Court. (Docket No. 44.) The cases were transferred the following day. (Docket No. 45.) Plaintiffs now attack the transfer order, arguing that they were unable to conduct discovery on the issues and arguments raised by Defendants and that the transfer order was replete with errors. (Docket No. 61 at 2.) They urge this Court to "re-transfer" this case back to the Southern District of Illinois, allowing them to either enter a response in opposition to Defendants' transfer motion or to seek mandamus relief from the Seventh Circuit Court of Appeals. (Docket No. 61 at 3.)

**Legal Standard**

A federal court is empowered to transfer a case to a more appropriate federal forum under 28 U.S.C. § 1404. In determining whether transfer is appropriate, the Court must analyze (1) whether the action "might have been brought" in the proposed transferee forum and (2) whether the transfer promotes the interests of convenience and justice. *Rutherford v. Goodyear Tire & Rubber Co.*, 943 F. Supp. 789, 791 (W.D. Ky. 1996).

A district court may transfer any action to any other district or division where it might have been brought "to prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960)). The Court "has broad discretion to grant or deny a motion to transfer." *Phelps v.*

*McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). The party moving for the transfer of venue bears the burden of showing that transfer is appropriate. *Picker International, Inc. v. Travelers Indemnity Co.*, 35 F. Supp. 2d. 570, 573 (N.D. Ohio 1998).

**Analysis**

"Federal courts of coordinate rank . . . owe each other comity in the sense of respecting each other's orders and avoiding hindering each other's proceedings." *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997) (citing 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2942 at 59 n.43 (2d ed. 1995)). The "doctrine of the law of the case" instructs "that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Moses v. Business Card Express, Inc.*, 929 F.3d 1131, 1137 (6th Cir. 1991) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). The doctrine "applies with even greater force to transfer decisions than to decisions of substantive law" in order to prevent "the possibility of forcing a transferred case into perpetual litigation by playing 'jurisdictional ping-pong.'" *Id.* (quoting *Christianson v. Colt*, 486 U.S. 800, 816 (1988)). Because comity concerns are distinct from jurisdictional limitations, "[a] court has the power to revisit prior decisions of its own or a coordinate court in any circumstance, although as a rule courts should be loathe [to] do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Id.* (quoting *Christianson*, 486 U.S. at 817).

Here, the Court perceives no "extraordinary circumstances" that would justify revisiting Judge Stiehl's decision to transfer the case to the Western District of Kentucky. Plaintiffs have offered no explanation as to why Judge Stiehl's decision to transfer was incorrect, nor do they

3

challenge his authority to transfer the case. Furthermore, they point to no changed circumstances following the transfer that would justify this Court's intervention.

This Court need not repeat Judge Stiehl's explanation of the "many reasons" supporting transfer under 28 U.S.C. § 1404. (Docket No. 44 at 4.) For present purposes, it will suffice to echo his comment that "scarce judicial resources are best preserved when cases with similar issues and identical basic facts can be handled, possibly consolidated and certainly managed by one central court." (Docket No. 44 at 4.) Judge Stiehl's reasoning does not reflect the "clear conviction of error" necessary for re-transfer.

**Conclusion and Order**

For the reasons discussed above, the Motion to Transfer Case of Plaintiffs Leonard Anthony Carrillo and Gregory Powers, (Docket No. 61), will be denied. An appropriate Order will issue concurrently with this opinion.

*Thomas B. Russell*
Thomas B. Russell, Senior Judge
United States District Court

March 28, 2014