UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:13-CV-01203

LEONARD ANTHONY CARRILLO and
GREGORY POWERS,                                                                                    Plaintiffs,

v.

CSX TRANSPORTATION, INC.;
THE CENTER FOR TOXICOLOGY AND
ENVIRONMENTAL HEALTH, LLC;
PADUCAH & LOUISVILLE RAILWAY,
INC.; P&L TRANSPORTATION, INC.;
FOUR RIVERS TRANSPORTATION, INC.,                                                Defendants.


**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon the Motion for Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41 of Plaintiffs Leonard Anthony Carrillo and Gregory Powers, (Docket No. 78). Defendants have responded, (Docket No. 79). Plaintiffs have replied, (Docket No. 80). This mater is now fully briefed and ripe for adjudication. For the following reasons, the Court will GRANT Plaintiffs' Motion.

**Factual Background**

This case arises from an explosion that occurred during a train derailment clean-up project in Jefferson County, Kentucky on October 29, 2012. On February 20, 2013, Plaintiffs filed lawsuits in Illinois state court against CSX Transportation, Inc.; the Center for Toxicology and Health, LLC; Paducah & Louisville Railway, Inc.; PL Transportation, Inc.; and Four Rivers Transportation, Inc. Defendants removed the cases to the Southern District of Illinois, then moved to dismiss for lack of personal jurisdiction and/or to transfer the cases to the Western District of Kentucky, (Docket No. 26.) During the motion's pendency, Plaintiffs filed a "protective lawsuit" in Kentucky state court. Defendants removed that case to the Western District of Kentucky, where it is currently pending before Judge Simpson. *See Carrillo & Powers v. CSX Transportation, Inc.*, Civil Action No. 1:13-cv-01039-CRS.

On March 28, 2014, this Court denied Plaintiffs' request to re-transfer the case to the Southern District of Illinois, (Docket No. 76). Plaintiffs now request the Court to dismiss Civil Action No. 3:13-CV-01203-TBR without

prejudice, rendering Civil Action 3:13-CV-01039-CRS the exclusive pending action arising from this matter. Plaintiffs note that the protective case before Judge Simpson includes claims against Defendant RAE Systems, Inc. that would be barred by the relevant statute of limitations in the instant case. Plaintiffs further argue that that the case before Judge Simpson includes claims brought under the Federal Employers' Liability Act that do not exist in the instant case. (Docket No. 78.)

**Discussion**

Federal Rule of Civil Procedure 41(a) governs voluntary dismissals. Under Rule 41(a)(1), a plaintiff may dismiss a complaint without order of the court by filing either "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(i), (ii). Rule 41(a)(2) governs all other circumstances and permits such dismissal "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The latter provision applies here.

Whether dismissal should be granted pursuant to this provision lies within the sound discretion of the district court. *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). The Court must consider whether the defendant would suffer "plain legal prejudice" as a result of the dismissal without prejudice. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). "In determining whether a defendant will suffer plain legal prejudice, a court should consider factors such as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* (citing *Kovalic v. DEC Intern., Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)).

Applying these factors, the Court concludes that Defendants will suffer no prejudice from the dismissal of the instant action. Although motions were filed in the original action, Defendants point to no costs incurred in litigating the case. Moreover, many of Defendants' efforts, including administrative fillings and answering Plaintiffs' Complaint, were also useful in the case before Judge Simpson; their value would also carry over to a subsequent state action, should the case be remanded. *See Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed. Appx. 498, 502 (6th Cir. 2007). Second, the Court perceives no dilatory actions by Plaintiffs, who provide adequate explanation for their request for dismissal—namely, that the case before Judge Simpson names all allegedly

responsible parties and that the expiring statute of limitations prevents inclusion of such parties in this case. Finally, no summary judgment motion is pending.

Although Plaintiffs may gain a "tactical advantage" because of the dismissal of this case, any such advantage does not cause Defendants to suffer a "legal prejudice." *See Rosenthal*, 217 F. Appx. at 502 (citing *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991); *Davis v. USX Corp.*, 819 F.2d 1270, 1275 (4th Cir. 1987) ("[T]he possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit."); *Gross v. Spies*, 133 F.3d 914 (4th Cir. 1998).

The Court need not resolve the parties' disagreement as to whether the first-to-file rule permits dismissal of the case before Judge Simpson for that very reason: the instant Motion does not concern that case, and that decision rests with Judge Simpson. However, the Court notes briefly that the discretionary first-to-file rule provides that "when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" *Zide Sport Shop of Ohio v. Ed Tobergte Assoc., Inc.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001). Here, neither case was initially filed in federal court. Moreover, the first-to-file rule is not absolute; rather, "[d]istrict courts have the discretion to dispense with the first-to-file rule where equity so demands." *Id.*

### Conclusion and Order

For the reasons discussed above, the Motion for Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41 of Plaintiffs Leonard Anthony Carrillo and Gregory Powers, (Docket No. 78), will be GRANTED.

Accordingly, this case is DISMISSED without prejudice, without affecting Plaintiffs' claims or the pending Motion to Remand in the case before Judge Simpson, Civil Action 3:13-CV-01039-CRS. IT IS SO ORDERED.